# United States Bankruptcy Court
### Western District of Missouri

In re  **Mary Margaret Crooks**                                                                 Case No.  **05-71032**
                                          Debtor(s)                                             Chapter   **13**

## CHAPTER 13 PLAN AND PLAN SUMMARY

1. **PLAN PAYMENT:** Debtor to pay **$400.00** per month for _____ months from future earnings in the manner indicated below.  Except as otherwise provided in the confirmed plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.  The trustee shall only make payments to creditors with filed and allowed claims.  The manner of distribution to creditors is determined by the Chapter 13 trustee unless otherwise set out in the plan as confirmed.

    **PLAN PAYMENTS MUST BEGIN WITHIN 30 DAYS OF THE DATE THE ORIGINAL PLAN IS FILED WITH THE CLERK OF THE BANKRUPTCY COURT WHETHER OR NOT THE PLAN PROVIDES FOR WAGE DEDUCTION AND WHETHER OR NOT THE WAGE DEDUCTION HAS GONE INTO EFFECT.  PAYMENT ON TIME IS THE DEBTOR'S RESPONSIBILITY.  ONCE A PLAN IS CONFIRMED, THAT PLAN PAYMENT REMAINS IN EFFECT UNTIL SUCH TIME AS THE COURT CONFIRMS A SUBSEQUENT AMENDMENT.  IF INFORMATION IS PROVIDED IN THE SECTION FOR WAGE ORDER TO EMPLOYER, THE WAGE ORDER WILL BE ISSUED TO THE EMPLOYER.  THE TRUSTEE ALSO MAY CAUSE A WAGE ORDER TO BE ISSUED TO THE DEBTOR'S EMPLOYER PURSUANT TO LR 3083-1H.**

    **THE DEBTOR SHALL DEVOTE TO THE PLAN ALL OF THE DEBTOR'S DISPOSABLE INCOME FOR THE THREE YEAR PERIOD FROM THE DATE THAT THE FIRST PLAN PAYMENT IS DUE PURSUANT TO 11 U.S.C. §1326(a)(1).  THE DEBTOR SHALL PAY AT LEAST 36 MONTHLY PLAN PAYMENTS INTO THE PLAN UNLESS THE PLAN PAYS 100% TO ALL FILED AND ALLOWED CLAIMANTS.**

    **X** VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:   __ DIRECT PAYMENT: From Debtor(s) to Trustee
    (Employer's Name, address, telephone number)

    | **Debtor's Employer** | **Spouse's Employer (if applicable)** |
    |---|---|
    | **Select Specialty Prospect** | |
    | **10550 Quivira Rd., Suite 450** | |
    | **Lenexa, KS 66215** | |
    | **913-451-5900** | |

2. **FILING PROOFS OF CLAIMS:** The trustee shall only distribute payments to creditors who have filed proofs of claim.  If the plan provides for the debtor to make payments directly, then the failure of the creditor to file a proof of claim does not excuse the debtor from making the required direct payments.  If the debtor is to make direct payments to a creditor those payments must be paid pursuant to the terms of the contract regardless of whether the plan is confirmed.  However, if the trustee it to pay any portion of a claim, then it is necessary for the creditor to file a proof of claim to receive the portion of the claim to be paid through the trustee's office.  The trustee will distribute to creditors, absent other order of the Court, based on the notice to allow claims and any notices to allow additional or amended claims.  LR-3084-1 and LR 3085-1.

3. **ADMINISTRATIVE COSTS:** Pay debtor(s) attorney as indicated below and pay trustee's fee per 28 USC § 586 and 11 USC § 1326.

    Attorney's Fees:  $   **2,000.00** total attorney fees.
                     $     **250.00** attorney fees to be paid directly by the debtor.
                     $   **1,750.00** attorney fees to be paid from the plan payments.

    **Attorney fees paid from the plan payments will be paid pursuant to the Local Rules of the Bankruptcy Court unless different treatment is provided in paragraph 12 *and* the Bankruptcy Court issues a specific order regarding that proposed treatment.  The confirmation of the plan without that separate, specific court order will not permit attorney fees to be paid contrary to the Local Rules.  All attorney fees paid contrary to the Local Rules or other order of the Court are subject to disgorgement.  LR 2016-1.**

4. **SUPPORT:** Future support owed to ____ is to be:
   ___ Paid directly to the recipient by the debtor(s).
   ___ Paid to recipient from the Plan payment at $____ per month.
   ___ Support arrearage of $____ is to be paid from Plan payments at $____ per month.

5. **RESIDENTIAL HOME MORTGAGES. (Use this section ONLY for the primary residence. All other long term debts***** should be dealt with in paragraph 6.)**

   **PAID AS LONG TERM DEBTS PURSUANT TO 11 U.S.C. SECTION 1322(b)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO 11 U.S.C. SECTION 1328(a)(1):**
   **Pre-petition arrearages will be paid from the Plan payments. Unscheduled pre-petition arrearages will be paid the contract rate of interest, if the contract rate of interest is provided on the face of the proof of claim, otherwise they will receive the Local Rule Rate.**

   ___ Post-petition payments are to be paid directly by debtor(s).
   ___ Post-petition payments are to be paid from the Plan payments.

   | Mortgage Lien Holder | Regular Monthly Payment | Total Pre-Petition Arrearage *** | Arrearage Rate of Interest | Monthly Arrearage Payment (If left blank the creditor will be paid "pro rata") |
   |---|---|---|---|---|
   | (1) **-NONE-** | $ | $ | Contract % | $ |

   **RESIDENTIAL HOME MORTGAGES TO BE PAID IN FULL DURING THE LIFE OF THE PLAN FROM THE PLAN PAYMENTS:**
   **A Pre-petition arrearage will not be paid as a separate debt as it should be a part of the principal balance claim which is being paid in full. (If no monthly payment is provided, the creditor will be paid "pro rata.")**

   | Mortgage Lien Holder | Principal Balance | Monthly Payment | Interest Rate |
   |---|---|---|---|
   | (1) **-NONE-** | $ | $ | % |

6. **LONG TERM DEBTS***** PURSUANT TO 11 U.S.C. SECTION 1322(b)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO 11 U.S.C. SECTION 1328(a)(1):** To be paid from the plan payments as follows:

   | Creditor Name | Regular Payment | Total Arrearage *** | Discount Rate | Monthly Payment Through Plan On Arrearage (If left blank the creditor will be paid "pro rata") |
   |---|---|---|---|---|
   | **-NONE-** | | $ | $ | Local Rule | $ |

   (If any of the regular monthly payments set out in this paragraph are to be paid directly, that direct treatment must be clearly indicated in paragraph 12 of this plan. There must be a fixed monthly payment provided for the "regular payment.")

7. **SECURED CREDITORS:** Retain lien and pay to value per 11 USC § 1325(a)(5)(B)(i) & (ii) with any balance paid as non-priority unsecured.

   | Creditor Name | Value of Collateral **** | Discount Rate | Monthly Payment Through Plan (If left blank the creditor will be paid "pro rata") |
   |---|---|---|---|
   | **Centrix** | $**14,000.00** | Local Rule | $**Prorata** |

   Secured creditors with a non-purchase money security interest in consumer goods will be subject to lien avoidance per 11 USC § 522(f), and treated as non-priority unsecured if a separate motion is filed and the Court enters an Order Avoiding the Lien.

8. **SECURED CREDITORS:** Surrender per 11 USC § 1325(a)(5)(C). If a deficiency claim is filed it will be allowed unless the column titled "Surrender In Lieu of Entire Debt" has a mark of any kind in it. If there is any mark in said column the debt will be loaded as "surrendered in lieu of the entire debt," including any unsecured portion.

| Creditor Name | Surrender In Lieu Of Entire Debt |
|---|---|
| **-NONE-** | |

9. **PRIORITY UNSECURED CREDITORS:** Pay 100% in full per 11 USC § 1322(a)(2) and 11 USC § 507.

| Creditor Name | Monthly Payment (If left blank the creditor will be paid "pro rata") |
|---|---|
| **IRS** | $ **Prorata** |

10. **EXECUTORY CONTRACTS:**

| Creditor Name | Property Description | Monthly Payment | Months Remaining | Accept/ Reject | Payment Direct or Through Trustee |
|---|---|---|---|---|---|
| **Ruskin Place Apartments** | Residential lease | $ **450.00** | **month to month** | **Accept** | **Direct** |

11. **NON-PRIORITY UNSECURED CREDITORS: ONLY** choose **ONE** of the following:

　　___　　A dividend of 100% **OR**

　　**X**　　A dividend of 0% (Debtor estimates Plan to run approximately 53 months)

　　___　　This is a "POT" Plan*. There is non-exempt equity of $____. ("The POT").

　　　　　　**OR**

　　___　　This is a "BASE" Plan**. The BASE is ____ months of Plan payments.

12. **OTHER REMARKS OR PROVISIONS:**

Date **October 15, 2005**　　　　Signature /s/ Mary Margaret Crooks
　　　　　　　　　　　　　　　　　　　　　　**Mary Margaret Crooks**
　　　　　　　　　　　　　　　　　　　　　　Debtor

Attorney /s/ Jason C. Amerine
　　　　　**Jason C. Amerine #50857**

Software Copyright (c) 1996-2004 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037　　　　　Best Case Bankruptcy

**\*POT PLANS -** The filed and allowed non-priority unsecured claimants will share pro rata any funds left in "The Pot" after the satisfaction of the pre-petition attorney fees being paid from the Plan payments and the pre-petition filed and allowed priority unsecured claims. If the pre-petition attorney fees being paid from the Plan payments and the filed and allowed priority unsecured claims are equal to or greater than "The Pot", the filed and allowed general unsecured creditors will share zero (0%).  After the dividend has been set by the trustee's office to comply with "The Pot", the trustee's office will not adjust the percentage to accommodate proofs of claim and amended proofs of claim filed and allowed after the bar date.  It will be the responsibility of the debtor's attorney to determine if there needs to be an adjustment to the non-priority unsecured dividend.  If the debtor's attorney determines that an adjustment needs to be made, it will be the responsibility of the debtor's attorney to determine an appropriate percentage and file an amendment to the plan to set the dividend to that percentage.  Once the trustee's office has set the dividend based on "The Pot", any amendment to the plan will need to reflect the dividend which has been set or the amendment needs to provide a dividend that will comply with the Bankruptcy Code.  If the plan runs less than 36 months with "The Pot" amount, then the trustee may adjust the plan to a "Base Plan" of at least 36 monthly payments.

**\*\*BASE PLANS -** Filed and allowed non-priority unsecured claimants will share pro rata funds leftover after the payment of administrative expenses, including Court fees, Trustee's fees and attorney's fees; the payment of secured claims plus interest, if any; and priority unsecured claims based on the base number of months of Plan payments. ("The Base"). Because the total funds paid into the Plan **must** be sufficient to satisfy the administrative expenses, secured claims and priority unsecured claims, the Plan may actually run longer than "The Base". "The Base" may be adjusted upward to accommodate proofs of claim and amended proofs of claim filed and allowed after the bar date and to accommodate increases in long-term continuing debts being paid through the Plan payments. "The Base" may be adjusted upward to accommodate orders granting post-confirmation attorney fees and expenses paid from the plan payments.  Notification received by the Trustee's office of an increase in a long-term continuing debt being paid through the Plan may result in "The Base" being adjusted upward to accommodate the increased payment. Any adjustments made because of the foregoing reasons that result in the Plan running in excess of the sixty-month statutory time limit of Section 1322(d) may result in the Trustee's office filing a motion to dismiss.  "The Base" may be adjusted at the end of the Plan in order to allow a full monthly payment in the last month of the Plan to any creditor receiving continuing payments through the Trustee's office.  "The Base" may be adjusted upward due to any additional funds the debtor receives which are determined to be disposable income either by agreement of the debtor and the trustee or by order of the Court regardless of source.  **If the debtor remits sufficient funds to the trustee to payoff the case in full, e.g. 100% to all filed and allowed unsecured creditors, the trustee may adjust the plan to a 100% plan without further order of the Court.**

\*\*\* **ARREARAGE -** Any arrearages listed on the plan/plan summary are the debtor's best estimate of the amount owed.  The trustee's office will pay arrearages based on the filed and allowed proof of claim of the creditor pursuant to Local Rule 3084-1(G).

\*\*\*\* **VALUE OF COLLATERAL -** The value of collateral listed on the plan/plan summary is the debtor's best estimate.  The trustee's office uses the value listed on the face of the filed proof of claim, if one is listed, pursuant to Local Rule 3084-1(D) when loading the proof of claim.

\*\*\*\*\* **LONG TERM DEBT -** A long term debt is one in which the final payment due under the terms of the contract comes due after the final Chapter 13 plan payment comes due.

Rev. 03/08/04

4